UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Peter M. Gaona and
Annah M. Gaona,

Plaintiffs,

vs. MINUTE ORDER

Town & Country Credit
and The Chase Manhattan
Bank,

Defendants. Civ. No. 01-44 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of April, 2001.

* * *

On April 18, 2001, the Court heard argument on the Motion of the Defendant Town & Country Credit ("TCC") for a Protective Order. At the time of the Hearing, the Plaintiffs Peter and Annah Gaona appeared by John M. Tancabel, Esq., and the Defendants TCC, and The Chase Manhattan Bank, appeared by Andre Hanson, Esq. As we advised at the close of the Hearing, and for reasons we briefly reiterate below, TCC's Motion is granted.

The Plaintiffs in this action are an elderly married couple who are both congenitally deaf. In January of 1999, they borrowed $88,000.00 from TCC to refinance their home. The debt is secured by a mortgage, which has been assigned to The Chase Manhattan Bank,

(25)

FILED APR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

as custodian. The mortgage has since gone into foreclosure. In order to avoid foreclosure, the Plaintiffs have purported to rescind the loan. In December of 2000, they commenced this action, which asserts a claim of disability discrimination, which arises from an alleged failure, on the part of the Defendants, to provide a sign interpreter, as well as claims under the Truth in Lending Act for rescission, and a variety of Minnesota state-law claims.

TCC has moved for a Protective Order under Rule 26(c), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> Upon motion by a party or by the person from whom discovery is sought, * * * and for good cause shown, the court in which the action is pending * * * may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

TCC has also proffered a proposed Protective Order for the Court's consideration, as have the Plaintiffs. The Plaintiffs, however, believe that a blanket form of Protective Order is not necessary in this case. Rather, the Plaintiffs appear to prefer a document-by-document Protective Order so as to preserve the contents of only those documents that TCC could convince the Court is worthy of protection. While, if we had "but world enough and time," Andrew Marvell, "To His Coy Mistress," such an approach much have merit, we see nothing prejudicial in the framework proposed by TCC.

The Plaintiffs also contend that the Protective Order should not preclude the Plaintiffs from using the documents, which TCC designates as "confidential," for such purposes as they may wish. Upon a proper showing, the Plaintiffs may approach the Court with a particularized demonstration that a document should be employed outside of this litigation, but no such showing has here been made. Nor do we find any basis to require TCC to prepare a confidentiality log, as requested by the Plaintiffs, given the fact that the Plaintiffs are not being denied access to the documents, they are only being denied the liberty to distribute those documents outside of this litigation.

In sum, we find that the Plaintiff's objections to TCC's proposed Protective Order are without merit. Our independent review, however, informs us that one provision -- namely Paragraph 8 of the proposed Order -- should be redrafted to contain a provision that, before a Motion to challenge a confidentiality designation is filed with the Court, the parties will have exhausted their obligation to responsibly "meet and confer" with the intent of ridding the Court of unnecessary Motion practice. Therefore, TCC is directed to amend the proposed Protective Order, and present the revised Order to Plaintiffs' counsel for review. Further disputes over the language of the Protective Order should be promptly brought to the

Court's attention but, if an appropriate Order is submitted to the Court, we will execute the same.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for a Protective Order [Docket No. 16] is GRANTED to the extent provided in the text of this Order.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE.***

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protcord.wpd