**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Peter M. Gaona and Annah M. Gaona,

Plaintiffs,

v.

Town & Country Credit and The Chase Manhattan Bank,

Defendants.

ORIGINAL

Case No. 01-CV-44PAM/RLE

**PROTECTIVE ORDER**

Based on the submissions and arguments of the Parties, this Court hereby GRANTS Defendant Town & Country Credit Corporation's Motion for a Protective Order in the above-entitled matter, as provided herein:

1. Whenever any person, including a person who is not a party to this action, provides to any party to this action any material that the producing party contends is entitled to confidential treatment, that person (the "producing party") may designate the material as "Confidential." Such material is referred to in this Protective Order as "Confidential Material."

2. A producing party may designate as "Confidential" any material provided during discovery or as part of Federal Rule of Civil Procedure 26 disclosures to any party in this action, including, without limitation, documents, testimony at depositions, responses to interrogatories, information obtained from inspection of premises or tangible objects, responses to requests for admission, and documents or testimony furnished pursuant to

FILED MAY 04 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Federal Rule of Civil Procedure 45.

3. To designate documents or written discovery responses as Confidential Material, the producing party shall mark each page that is entitled to that treatment with a stamp stating that the material is "Confidential." To designate deposition transcripts as Confidential Material, the producing party must notify the other parties of that portion of the transcript that is to be treated as Confidential Material within thirty (30) days after receipt of the transcript.

4. Except with the prior written consent of the providing party, or as hereinafter provided under this Protective Order, Confidential Material shall not be used by anyone other than the producing party for any purpose other than the prosecution or defense of this action.

5. Persons producing discovery material may designate as "Confidential" any information involving: (a) a trade secret or other confidential information; or (b) future marketing, pricing, or financial plans, analysis or projections.

6. Except with the prior written consent of the producing party, or absent the prior order of this Court, material designated as "Confidential" may not be disclosed to any person other than:

(a) The parties, or the officers, directors and employees of the parties, in this case;
(b) Outside counsel for the parties to this action, including the paralegal, clerical and secretarial staff employed by such counsel;
(c) Officers, employees or representatives of the party producing such material;
(d) Experts and outside consultants retained by a party to assist in the

prosecution, defense or settlement of this action, and persons regularly employed by such experts and consultants;

(e) Persons with prior knowledge of the documents or the confidential information contained therein and their agents;

(f) Deponents or potential witnesses in this action;

(g) Court reporters and their staff;

(h) The Court and any persons employed by the Court; and

(i) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosure of Confidential Information is made to any person other than counsel of record, their employees, in-house counsel, Plaintiffs Annah Gaona and Peter Gaona, designated employees of the parties, or the Court or its personnel, that person shall first read a copy of this Protective Order and in writing agree to be bound by its terms by executing a "Confidentiality Agreement" in the form appended hereto as Exhibit A. Counsel shall maintain a list of all persons to whom that party discloses the other party's (or non-party's) Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

7. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, summarizing, excerpting, or otherwise embodying Confidential Material, the pleading or other paper in which the Confidential Material is embodied shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

> Confidential — this document is subject to a Protective Order approved by the Court and may not be examined or copied except in compliance with that Order.

8. If a party objects to the designation of any material as Confidential Material, the parties shall meet and confer regarding the issue and make a good faith effort to resolve the dispute. Only if these good faith efforts fail may the objecting party file a noticed motion challenging the confidentiality designation. To maintain confidential status, the proponent of the confidentiality claim must show by a preponderance of the evidence that there is good cause for the document to have such protection. Pending resolution of a dispute over whether material should be accorded confidential treatment, all parties and all other persons bound by this Order shall continue to treat the material as Confidential Material until the issue is resolved by the Court.

9. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying on examination of stamped confidential documents.

10. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Material in any manner it sees fit, or from revealing such Confidential Material to whomever it chooses, without the prior consent of the other parties or the Court.

11. This Protective Order does not prevent disclosure of Confidential Material if a party who received Confidential Material is later required by law, regulation, subpoena, or order to disclose or provide that Confidential Material to any person or to any judicial, governmental, or administrative body.

12. Within ninety (90) days after final conclusion of all aspects of this case, all

Confidential Material and copies thereof, except for any such information that becomes part of the public record in proceedings of the Court, shall be returned to the producing party by all persons to whom such material has been furnished.

Dated: 5/4/01

**BY THE COURT:**

Raymond L Erickson

**EXHIBIT A**

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I am fully familiar with the Protective Order of the District Court issued on the ____ day of ____________________, 2001, in the case of Peter M. Gaona and Annah M. Gaona v. Town & Country Credit and The Chase Manhattan Bank, Case No. 01-CV-44PAM/RLE, in the United States District Court for the District of Minnesota, a copy of which Protective Order has been delivered to me to keep with my copy of this Confidentiality Agreement, and I agree to be bound by all terms of said Protective Order. I agree that breach of the terms of this Confidentiality Agreement and the Protective Order would place me in contempt of the Court and would be directly actionable by any person or entity whose confidential information is disclosed in violation of this Confidentiality Agreement and the Protective Order, at law and equity. I understand that the term "Confidential Information" has the meaning provided in said Protective Order.

______________________________________
(Signature)

______________________________________
(Name Printed)

______________________________________
(Street Address)

______________________________________
(City) (State) (Zip Code)

Subscribed and sworn before me this
_______ day of ________________, 2001

____________________________________
Notary Public

# AFFIDAVIT OF SERVICE BY U.S. MAIL

STATE OF MINNESOTA )
) SS
COUNTY OF HENNEPIN )

Rebecca Ostlund, being first duly sworn upon oath, deposes and states that on the 2nd day of May, 2001, she did deposit in the United States mail an envelope properly sealed and with postage prepaid thereon, addressed to:

John M. Tancabel
895 Osceola Avenue
St. Paul, MN 55105

the last known address of said addressee, in which envelope she had first placed a true and correct copy of the revised Proposed Protective Order.

Rebecca Ostlund

Rebecca Ostlund

Subscribed and sworn to before me
this 2nd day of May, 2001.

Anita K Hostetler

Notary Public

ANITA K. HOSTETLER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or other-wise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd