UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Peter M. Gaona and
Annah M. Gaona,

Civ. File No. 01-44 (PAM/RLE)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Town & Country Credit and
The Chase Manhattan Bank,

Defendants.

---

This matter is before the Court on cross-motions for summary judgment. Plaintiffs' Motion, though not specified as such, is a motion for partial summary judgment. Defendants' Motion seeks summary judgment on all counts of Plaintiffs' Complaint.[1] For the following reasons, the Court denies Plaintiffs' Motion and grants Defendants' Motion.

**BACKGROUND**

Plaintiffs Peter and Annah Gaona are both hearing impaired. In January 1999, they refinanced the mortgage on their Coon Rapids home through Defendant Town & Country Credit ("TCC"). TCC later sold the Gaonas' mortgage. Eventually, Defendant Chase Manhattan Bank ("Chase") was assigned the mortgage. The Gaonas defaulted on the

[1] Defendants have also moved to strike the affidavit of Plaintiffs' expert witness on the ground that the expert was not disclosed within the time period permitted by the scheduling order. Plaintiffs have not responded to the motion. Because the Court grants Defendants' Motion for Summary Judgment, the Motion to Strike will be denied as moot.

NOV 2 0 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 2 0 2001
DEPUTY CLERK

mortgage sometime in 2000. In November 2000, Chase attempted to foreclose. The Gaonas then purported to rescind the mortgage pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. TCC rejected the purported rescission, and foreclosure proceedings went forward. The Gaonas instituted this lawsuit in Ramsey County, and that court enjoined the foreclosure pending resolution of the Gaonas' claims. Defendants then removed the case to this Court.

The Complaint alleges violations of the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the TILA, Minnesota's Consumer Fraud Act, and complains of the torts of intentional and negligent misrepresentation.[2]

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure

---

[2] The Complaint also purports to claim a violation of Minn. Stat. § 47.206, subd. 2, and of the Minnesota Deceptive Trade Practices Act. Defendant's memorandum states that Plaintiffs agreed to drop both of these claim, and Plaintiffs' opposition memorandum is silent on the issue. Thus, the Court will assume that Plaintiffs have withdrawn these claims.

the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**A. TILA**

Although the Gaonas' papers do not specify on which counts they are seeking summary judgment, it appears that they want summary judgment on two of their claims under the TILA. In Count IV, they claim that TCC failed to correctly disclose the last day to rescind the mortgage loan, as required by 12 C.F.R. § 225.15(b)(5). In Count V, they claim that TCC and Chase violated the TILA's rescission provision, 15 U.S.C. § 1635(b), by failing to allow the Gaonas to rescind the mortgage loan. According to the Gaonas, their mortgage loan did not close until sometime after the closing date of January 26, 1999. As a result, they claim that the notice of the last day to rescind, which gave this date as January 29, 1999, was defective as a matter of law, giving the Gaonas an extended, three-year right to rescind.

TCC and Chase also believe that summary judgment is warranted on these claims.

They argue that the disclosure of the last day to rescind was correct as a matter of law and that, therefore, they did not violate the TILA. Defendants also seek summary judgment on Count III, which claims that TCC violated the TILA by failing to give the Gaonas each two copies of the notice of right to rescind.

1. Last day to rescind

Under the TILA, a borrower must be informed that he or she may rescind the loan for three business days following the date of consummation of the loan. 12 C.F.R. § 226.15(b)(5). The date of consummation is the date the borrower becomes contractually obligated on the loan. Id. § 226.2(a)(13). A borrower's contractual obligation is determined with reference to state-law contract principles. Id. § 226.2(b)(3). The Gaonas contend that they were not contractually obligated on the mortgage loan on January 26, 1999, because the loan documents made funding the loan conditioned on TCC receiving a satisfactory appraisal review. Thus, they argue that the last date to rescind was not January 29, 1999, as stated in the mortgage papers, but was some later date. In addition, the Gaonas contend that the documents allowed TCC to change the interest rate between the date of closing and the date of funding. Therefore, according to the Gaonas, until the loan was funded the terms of the contract were indefinite and neither party was contractually obligated on the loan.

Defendants point out that the statute specifies the date of consummation as the date the borrower becomes contractually obligated. 12 C.F.R. § 226.2(a)(13). A condition precedent to the lender's performance does not affect the borrower's obligation, and, indeed,

such a condition precedent also does not mean that the lender is not contractually obligated. See United States v. Gerth, 991 F.2d 1428, 1431-32 (8th Cir. 1993) (adopting the reasoning of In re Matthieson, 63 B.R. 56, 60 (D. Minn. 1986)). Moreover, courts that have faced this situation have found that the borrower becomes contractually bound on the date the loan documents are executed. See Ramsey v. Vista Mortgage Corp., 176 B.R. 183, 187 (9th Cir. B.A.P. 1994); Murphy v. Empire of America, FSA, 746 F.2d 931, 934 (2d Cir. 1984). The Gaonas' arguments are contrary to well-established law.

The Gaonas also contend that the loan was not consummated on January 26 because, on that date, the terms of the loan were not definite. One loan document purported to give TCC the right to change interest rates until the date the loan was funded. (See Gaona Aff. Ex. 3 (Interest Rate Disclosure).) Defendants respond that the Interest Rate Disclosure document does not allow TCC to change the interest rate in an adjustable rate note, which is the type of loan the Gaonas received. (Defs.' Opp'n Mem. at 8.) In any event, taken as a whole, the loan documents clearly show that the initial interest rate of 11.5% was not subject to change prior to the loan being funded by TCC. (Hanson Aff. Ex. 4 (Adjustable Rate Note).) Thus, the terms of the loan were sufficiently definite and the Gaonas cannot claim that they were not contractually obligated on the date they signed the loan documents.

Therefore, Defendants are entitled to summary judgment on Counts IV and V of Plaintiffs' Complaint. Moreover, to the extent that the Gaonas' state-law claims are based on the alleged misrepresentation of the last day to rescind, these claims also fail.

2. Notice of right to rescind

Count II of the Complaint claims a violation of the TILA's requirement that each borrower be given two copies of the notice of right to rescind. 15 U.S.C. § 1635(a). The Gaonas allege that they were not each given the required two copies. However, both Mr. and Mrs. Gaona signed a "Notice of Right to Cancel" in which they acknowledged that they had each received two copies of the notice of right to rescind. (Hanson Aff. Ex. 10.) Defendants argue, and the Gaonas do not dispute, that the Gaonas' signed acknowledgment that they had received the notice creates a rebuttable presumption of such receipt. According to Defendants, the Gaonas have failed to overcome this presumption by clear and convincing evidence.

The Gaonas have filed an affidavit asserting that they did not receive the required two copies of the notice. They claim that all of the documents TCC gave them were in the original folder from the closing, and that this folder does not contain any copies of the notice.

The Gaonas have failed to rebut the presumption of receipt. At most, their testimony and affidavits show that they are not sure whether they received the notices. Moreover, an allegation that the notices are now not contained in the closing folder is insufficient to rebut the presumption. There are any number of explanations for the missing notices. Absent more compelling evidence of non-receipt, TCC is entitled to the benefit of the presumption and the Gaonas' claims must be dismissed.

**B. FHA**

The Gaonas claim that TCC refused to provide a sign-language interpreter to them and thereby discriminated against them in violation of the FHA, 42 U.S.C. § 3605(a). However, § 3605 does not mandate reasonable accommodation, but only makes actionable a discriminatory refusal to provide services. Defendants claim that, because the Gaonas received a loan, they have no cause of action under the FHA. The Gaonas argue that the failure to provide an interpreter constitutes discrimination in the terms or conditions of their loan transaction, which is prohibited by § 3605. The Gaonas' argument is not convincing. The "terms or conditions" language in § 3605 means just that: the terms of the loan or the conditions of receiving the loan. There is no argument that the Gaonas received a different or less favorable loan because they are deaf. The section cannot be read to apply to a failure to provide an interpreter, and the Gaonas' claim under the FHA fails.

**C. ADA**

Defendants contend that the Gaonas' claim under the ADA is time-barred. In Count II, the Gaonas alleged that TCC's failure to provide an interpreter violated 42 U.S.C. § 12182(b)(2)(A)(ii) and (iii). This section is part of Title III of the ADA, which prohibits disability discrimination by public accommodations, including banks and other lending institutions. Id. §§ 12182(a); 12181(7)(F). The only relief available to private plaintiffs under Title III is equitable, and Title III does not contain a statute of limitations.

Defendants argue that the Court should borrow the statute of limitations from the

Minnesota Human Rights Act ("MHRA"), which they assert is the most closely analogous state statute. The MHRA's statute of limitations is one year. Minn. Stat. § 363.03, subd. 3. As Defendants point out, the MHRA and the ADA are almost indistinguishable. Moreover, according to Defendants, a one-year statute of limitations is in line with the 300-day statute of limitations for violations of Title I of the ADA.

The Gaonas contend that the Court should borrow the statute of limitations from the Minnesota general personal injury statute. This statute of limitations is six years. Minn. Stat. § 541.05, subd. 1(2). In support of their argument, the Gaonas rely on Wilson v. Garcia, 471 U.S. 261 (1985), and Goodman v. Lukens, 482 U.S. 656 (1987). In these cases, the Supreme Court found that the most analogous statute for discrimination claims under §§ 1981 and 1983 is a statute governing personal injury claims.

In this case, the MHRA virtually mirrors the language of the ADA. To ignore the similarity in the two statutes is contrary to reason. The Court is charged with borrowing the statute of limitations from the most closely analogous state statute. Strawn v. Missouri Bd. of Educ., 210 F.3d 954, 957 (8th Cir. 2000). Clearly, in this case, the most closely analogous state statute is the MHRA. Under the MHRA's statute of limitations, the Gaonas' ADA claims are time-barred.

**D. State-Law Claims**

To the extent that the Gaonas' state-law claims arise out of alleged misstatements regarding the last day to rescind, these claims are without merit and will be dismissed. The

Gaonas' state-law claims also claim other misstatements and misrepresentations. The Gaonas have failed to establish that any of these claims survive summary judgment. For example, with respect to the claimed misstatement that the Gaonas did not qualify for an "A" or "A-" mortgage (Compl. ¶ 119), the Gaonas testified that no one at TCC ever mentioned "A" or "A-" mortgages at all. (P. Gaona Dep. at 85; A. Gaona Dep. at 80.) Defendants are entitled to summary judgment on Plaintiffs' state-law claims.

**CONCLUSION**

Defendants have established that summary judgment is appropriate on all counts of Plaintiffs' Complaint. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment (Clerk Doc. No. 42) is **GRANTED**;
2. Plaintiffs' Motion for Partial Summary Judgment (Clerk Doc. No. 34) is **DENIED**; and
3. Defendants' Motion to Strike (Clerk Doc. No. 30) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 20, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*